IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PAMELA PAPENDICK | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | Case No. 98-1088-DWB |
| | ) | |
| BAIRD KURTZ & DOBSON | ) | |
| | ) | |
| Defendant | ) | |

**ORDER GRANTING MOTION TO EXTEND SEAL
PURSUANT TO RULE 79.4(b)(2)**

The above case was administratively closed on February 23, 2005. (Minute Entry 2/23/2005). The case effectively terminated on September 22, 1999, when Judge Reid granted Defendant's motion for summary judgment. (Doc. 99.)

On October 8, 2009, the Clerk of the Court sent a notice pursuant to D. Kan. Rule 79.4(b) notifying the parties that unless a motion to extend the seal pursuant to D. Kan. Rule 79.4(b)(2)[1] is filed within six months from the filing of the notice, the seal would be lifted and the documents and files sent to the Federal Records Center. (Doc. 126.)

On March 5, 2010, Defendant filed a motion asking that the seal be extended as to all pleadings in the file which were sealed while the case was pending, and specifically identified

---

[1] D. Kan. Rule 79.4 was adopted as a new rule on October 22, 1998. Subsection (a) deals with documents/files that were sealed after the effective date of the act, and subsection (b) deals with documents/files that are under seal before the effective date of the rule. Doc. 13 and 14 identified by Defendant are the only documents that were sealed before the October 22, 1998 effective date; all the other entries were sealed after the rule became effective. Because the provisions of (a) and (b) both contain the same provision that there is a rebuttable presumption that the seal will not be extended, and both place the burden on the moving party to establish an appropriate basis for renewing the seal, there is no need to differentiate in the treatment of all the sealed documents in this case.

Doc. No's 13, 14, 76, 77, 81, 90, 100, 103, 104, 105, 197 and 111 as documents that had been sealed. (Doc. 127.) In the motion, Defendant recites that it has contacted counsel for Plaintiff who does not object to the motion to extend the seal. (Doc. 127 at ¶ 5.)

In an attempt to overcome the rebuttable presumption stated in the rule that the seal should not be renewed, Defendant recites that (a) the documents were sealed with the expectation that they would remain sealed; (b) that they contain information regarding a confidential investigation involving employee conduct and were sealed without objection when they were filed; and (c) that factual matters in the materials involve non-party employees who participated in the investigations but were not involved in any misconduct and their confidence should be preserved. (Doc. 127 at ¶¶ 2, 3, 4.)

The court has serious concerns about whether the information in the sealed documents should remain sealed *ad infinitum* as Defendant has suggested in the proposed order it submitted to the court for review. First, the rule itself does not specifically allow for orders that would indefinitely seal materials. In fact, as to documents filed under seal after October 22, 1998, subsection (a) of the rule specifically states that the parties may seek to renew the seal "for an additional period of time <u>not to exceed ten years</u>." (Emphasis added). As previously noted, many of the subject documents identified in Defendant's motion were filed under seal after the rule became effective. *See supra* note 1. While subsection (b), which covers documents filed under seal before the rule became effective, does not contain such a specific time limitation, that limitation can certainly be implied from the overall text of the rule.

Second, the mere passage of time itself may well have caused the information that was originally sealed to have far less importance than was the case when the documents were originally filed. There is no certainty that the employees who participated in the investigation

are still employed by Defendant or even whether those employees are still alive. Defendant's motion hardly gives the court sufficient information to adequately judge whether there is a *bona fide* reason to overcome the rebuttable presumption that the seal should be lifted.

However, under the circumstances of this case, and with Plaintiff's consent, the Court will grant Defendant's motion and extend the seal of the specific documents identified in the motion for a period of ten (10) years form the date of this Order. The court is not convinced that the cited rule contemplates that the seal will be extended more than one time for a period of ten (10) years. However, if Defendant seeks to again extend the seal on these documents, it must present more specific reasons in order to overcome the rebuttable presumption that the seal will not be renewed.[2]

THE COURT HEREBY GRANTS DEFENDANT'S MOTION AND DIRECTS the Clerk of Court to seal all pleadings that were sealed while the case was pending and which are identified in Defendant's motion for a period not to exceed ten (10) years from the date of this Order..

**IT IS SO ORDERED.**

Dated this 26th day of May, 2010.

                                              s/ DONALD W. BOSTWICK
                                              DONALD W. BOSTWICK
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant's task in seeking to extend the seal in the future will be even more difficult due to the passage of such a significant period of time (20 years).